UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRETT OTERI,

                             Plaintiff,

   v.                                                                 9:23-CV-986
                                                                         (AMN/ML)

LEANDRA PALMATIER,

                             Defendant.
_____

APPEARANCES:

BRETT OTERI
Plaintiff, pro se
18462
Schoharie County Correctional Facility
P.O. Box 159
157 Steadman Way
Howes Cave, NY 12092

JOHNSON & LAWS, LLC                            GREGG TYLER JOHNSON, ESQ.
646 Plank Road, Suite 205
Clifton Park, NY 12065
Attorneys for Defendant Palmatier

ANNE M. NARDACCI
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      On August 14, 2023, pro se plaintiff Brett Oteri ("plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 and alleged violations of his Fourteenth Amendment rights arising out of his confinement as a pre-trial detainee at Schoharie County Correctional Facility ("Schoharie County C.F."). Dkt. No. 1 ("Compl."). Plaintiff also filed a motion to

1

proceed in forma pauperis ("IFP").  Dkt. No. 8.

In a Decision and Order filed on September 13, 2023 (the "September Order"), the Court granted plaintiff's IFP application and directed defendant Leandra Palmatier ("Palmatier") to respond to plaintiff's excessive force claims.  Dkt. No. 10.  Plaintiff's claims for monetary damages against defendant Schoharie County C.F. were dismissed with prejudice and his remaining Section 1983 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  *Id*.

On September 18, 2023, a summons was issued to Palmatier.  Dkt. No. 12.  Plaintiff submitted an amended complaint and a second amended complaint.  Dkt. No. 13 ("Am. Compl.") and Dkt. No. 15 ("Sec. Am. Compl.").  Because the second amended complaint supercedes and replaces the amended complaint, the Court will review the second amended complaint for sufficiency pursuant to  28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1]

## II.     LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A(b) was discussed at length in the September Order.  *See* Dkt. No. 10 at 2-4.

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

In the second amended complaint, plaintiff identifies the following individuals as new defendants: Correctional Worker Gerard ("Gerard"), Sergeant Brown ("Brown"), Sergeant

---

[1]  An amended complaint "ordinarily supersedes the [earlier complaint] and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

2

Bartholomew ("Bartholomew"), Correctional Worker Mann ("Mann"), Correctional Worker Miller ("Miller"), Correctional Worker Mvona ("Mvona"), Sergeant Keller ("Keller"), Correctional Worker Madore ("Madore"), and Correctional Worker Mitchell ("Mitchell").[2]  *See* Sec. Am. Compl. at 4-5.

Between February 2023 and May 2023, Palmatier repeatedly woke plaintiff during the night by purposefully kicking and "loudly" slamming the cell gate.  Sec. Am. Compl. at 8, 11.  As a result, plaintiff suffered chest pains and anxiety.  *Id.*

On June 11, 2023, at approximately 8:15 a.m., plaintiff was in his cell when Palmatier deliberately "sprayed" plaintiff while "laughing about it with others[.]"  Am. Compl. at 7, 11.  Palmatier issued a "false write-up" and placed plaintiff in segregated confinement until August 2023.  *Id*. at 8, 10, 11.  On the date that plaintiff was scheduled to be released, Bartholomew refused to allow him "out."  *Id*. at 10.

As a result of Palmatier's actions, other officials began a "campaign" of harassment and bullying.  *See generally* Sec. Am. Compl.  Generally, plaintiff alleges the following:

- Mann, Gerard, Madore, Miller, Keller, and Mnova issued false "write-ups."

- Gerard "started [. . .] locking [plaintiff] in for no good reason" while other prisoners maintained their privileges and were able to "walk around freely."

- Mann "chased [plaintiff] around the chairs" for "singing one of the songs [he] made."

- Miller, Mann, and Gerard "bothered" plaintiff about his cross and directed him to "put his cross" inside of his shirt.  Plaintiff filed a grievance related to the issue and

---

[2]  The Clerk of the Court is directed to add these individuals as defendants to the docket report for this action.

3

> Keller stated, "it was ok for them to tell [him] that[.]"

- Brown constantly rolled her eyes, yelled at plaintiff, and unlawfully locked him in his cell.

- Brown and Bartholomew threatened to "tase" plaintiff while he was locked in his cell. Brown threatened plaintiff with bodily harm and "pulled and misfired" the taser causing "electric sparks."

Am. Compl. at 8-10, 15.

Construing the second amended complaint liberally, plaintiff asserts the following: (1) a Fourteenth Amendment excessive force claim; (2) Fourteenth Amendment harassment claims; (3) claims related to "false write-ups"; (4) Fourteenth Amendment due process claims related to segregated confinement; (5) Fourteenth Amendment equal protection claims; (6) Fourteenth Amendment deliberate medical indifference claims; and (7) First Amendment free exercise claims. *See generally* Am. Compl. Plaintiff seeks monetary damages. *See id.* at 13, 16.

## IV. DISCUSSION

### A. Fourteenth Amendment - Excessive Force

The Court set forth the law related to Fourteenth Amendment excessive force claims in the September Order, and will not restate it herein. *See* Dkt. No. 10 at 9-10.

Plaintiff's Fourteenth Amendment excessive force claim against Palmatier is repeated and realleged in the amended complaint. For the reasons set forth in the September Order, defendant is directed to respond to this claim.

### B. Fourteenth Amendment - Harassment

Plaintiff claims that Mann, Gerard, Madore, Miller, Keller, Mnova, Bartholomew, and

4

Brown began a campaign of bullying and harassment against him. *See generally* Sec. Am. Compl. As a result, plaintiff suffered "extensive physical [and] mental health problems." *Id*. at 15.

"[A]llegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged." *Johnson v. Eggersdorf*, 8 Fed. App'x 140, 143 (2d Cir. 2001) (citation omitted). "Under certain circumstances, the intentional infliction of psychological pain may constitute a [constitutional] claim, so long as the pain is not *de minimis*." *Shabazz v. Pico*, 994 F.Supp. 460, 475 (S.D.N.Y. 1998); *Cruz-Droz v. Marquis*, No. 3:17-CV-1291, 2018 WL 1368907, at *5 (D. Conn. Mar. 16, 2018) ("For harassment claims involving psychological injury, that injury must have been intentionally inflicted and be more than *de minimis*.") (citation omitted); *Cusamano v. Sobek*, 604 F.Supp.2d 416, 490 (N.D.N.Y. 2009).

Here the allegations in the second amended complaint do not support a Fourteenth Amendment claim against Mann, Gerard, Madore, Miller, Keller, Mnova, Bartholomew, or Brown. While plaintiff argues that he was subjected to a "campaign" of harassment, the complaint lacks specific information related to the behavior including the dates, times, frequency, and locations of the alleged harassment. Moreover, plaintiff's conclusory allegation of "extensive physical injury" and "mental health problems," without more, do not suggest that he suffered more than *de minimis* injury. *See Encarnacion v. Connors*, No. 9:21-CV-00986 (MAD/TWD), 2023 WL 6546247, at *13 (N.D.N.Y. Aug. 7, 2023), *report and recommendation adopted*, 2023 WL 6057393 (N.D.N.Y. Sept. 18, 2023).

Accordingly, plaintiff's Eighth Amendment harassment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief may

5

be granted

### C. False "Write-Ups"

It is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)); *accord, Pittman v. Forte*, No. 9:01-CV-0100, 2002 WL 31309183, at *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.); *see also Santana v. Olson*, No. 07-CV-0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief."). The only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more such as "retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862.

The second amended complaint does include any facts or claims related to retaliation. Therefore, to the extent that plaintiff alleges that defendants violated his constitutional rights when they issued false reports, those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### D. Fourteenth Amendment - Due Process Related to Segregated Confinement

Construing the second amended complaint liberally, plaintiff claims that Palmatier violated his Fourteenth Amendment due process rights when she confined him to administrative segregation and that Bartholomew violated his Fourteenth Amendment rights when he refused to release plaintiff "on [his] date." *See* Sec. Am. Compl. at 10.

To successfully state a claim under Section 1983 for denial of due process, a plaintiff

6

must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. See *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin,* 91 F.3d 349, 351-52 (2d Cir. 1996).

The Supreme Court has held that although states may still create liberty interests protected by due process, with respect to convicted prisoners "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The "atypicality" inquiry under *Sandin* is normally a question of law. *Colon*, 215 F.3d at 230-31; *Sealey*, 197 F.3d at 585. In making that determination the Court must consider the specific circumstances of the confinement, including both the duration and the conditions thereof. *Id.*

However, a pretrial detainee need not meet such a stringent standard because "[a] detainee's interest in freedom from unjustified infliction of pain and injury is more substantial . . . ." *Benjamin v. Fraser*, 264 F.3d 175, 188 (2d Cir. 2001); *see also Iqbal v. Hasty*, 490 F.3d 143, 146 (2d Cir. 2007), *rev'd on other grounds, Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Th[e Second Circuit] has said that *Sandin* does not apply to pretrial detainees and that, accordingly, pretrial detainees need not show that an imposed restraint imposes atypical and significant hardships to state deprivation of a liberty interest protected by procedural due process.").

"Therefore, in the case of a pretrial detainee, the court must determine whether the

7

condition imposed on the inmate was for a legitimate purpose or for the purpose of punishment." *Myers v. Bucca*, No. 6:15-CV-553 (DNH/ATB), 2015 WL 13401929, at *9 (N.D.N.Y. Dec. 7, 2015) (citations omitted), *report and recommendation adopted by* 2016 WL 165016 (N.D.N.Y. Jan. 14, 2016).

A pretrial detainee is entitled to the due process procedures outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). "These procedures include a disciplinary hearing and written notice of the charges at least twenty-four hours in advance of that hearing; the opportunity to present witnesses and documentary evidence before an impartial hearing officer as long as doing so will not jeopardize prison safety and security; and a written statement including evidence relied on by the hearing officer in reaching his or her decisions and the reasons for the disciplinary action. *Myers*, 2015 WL 13401929, at *9 (citing *Wolff*, 418 U.S. at 564-66).

In order to state a viable cause of action for a violation of due process, plaintiff must first plead facts to establish that he was deprived of a liberty interest. In this regard, plaintiff alleges that he was confined "behind a fence" from June 2023 until August 2023. *See* Sec. Am. Compl. at 11. The pleading includes no allegations concerning the conditions of his segregated confinement. Without more, 60 days in segregated confinement does not implicate any of plaintiff's constitutionally protected liberty interests. *See, e.g., Logan v. Harvey*, 549 F.Supp.2d 204, 218 (N.D.N.Y. 2008) (dismissing the plaintiff's procedural due process claim where he was allegedly confined to SHU for 49 days and the complaint failed to allege any facts regarding the conditions imposed while in SHU); *Zamakshari v. Dvoskin*, 899 F.Supp. 1097, 1108 (S.D.N.Y. Sept. 8, 1995) (dismissing the plaintiff's procedural due

8

process claim where he was confined to SHU for 60 days). Plaintiff has therefore failed to plead the existence of a valid liberty interest with respect to his confinement.

Even assuming plaintiff's confinement implicated a liberty interest, the second amended complaint is devoid of any allegations which plausibly suggest how his due process rights were violated.  Consequently, he has failed to adequately plead a due process claim, regardless of where and how long he was confined.

Accordingly, Plaintiff's Fourteenth Amendment due process claims related to his segregated confinement are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D.  Fourteenth Amendment - Equal Protection

The Court set forth the law related to Fourteenth Amendment equal protection claims in the September Order, and will not restate it herein.  *See* Dkt. No. 10 at 10-11.

In the September Order, the Court dismissed these claims holding:

> Here, the complaint fails to identify any individuals treated differently from plaintiff in a similar situation. As a result, plaintiff's equal protection is entirely conclusory and cannot survive sua sponte review. *See Iqbal*, 556 U.S. at 678 (concluding that a pleading that only "tenders naked assertions devoid of further factual enhancement" will not survive sua sponte review) (internal quotations and alterations omitted); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP), 2017 WL 3913018, at *7 (N.D.N.Y. Sept. 6, 2017) ("Conclusory allegations of disparate treatment or a plaintiff's personal belief of discriminatory intent are patently insufficient to plead a valid claim under the Equal Protection clause.").

Dkt. No. 10 at 11.

The Court has reviewed the second amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the September Order. As a result, the Court finds that plaintiff has not alleged facts in the second amended complaint which plausibly suggest that he suffered a Fourteenth Amendment equal protection violation. As a result, and for the reasons set forth in the September Order, this claim is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### E.  Fourteenth Amendment - Deliberate Medical Indifference

To state a claim for deliberate indifference, a pretrial detainee must satisfy a two-pronged test. First, "the alleged deprivation of adequate medical care must be 'sufficiently serious.' " *Lloyd v. City of New York*, 246 F.Supp.3d 704, 717 (S.D.N.Y. 2017) (quoting *Spavone v. N.Y. State Dep't of Corr. Servs*., 719 F.3d 127, 139 (2d Cir. 2013)). Second, the defendant must act with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

The objective prong requires "that the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious'—that is, the prisoner must prove that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.' " *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)).

As to the subjective prong, "a pretrial detainee alleging deliberate indifference to serious medical needs under the Fourteenth Amendment must establish . . . that the defendant either: 'acted intentionally to impose the alleged condition' or 'recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee.'

10

" *Logan v. City of Schenectady*, No. 18-CV-01179, 2019 WL 3803631, at *4 (N.D.N.Y. Aug. 13, 2019) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).

Even assuming plaintiff suffered from an objectively serious medical condition, the second amended complaint does not plausibly suggest that any named defendant was personally involved in plaintiff's medical treatment or decisions related to plaintiff's medical care. The second amended complaint is devoid of any allegations, for example, that defendants had knowledge of plaintiff's medical care or that plaintiff requested medical attention from the defendants, or that the defendants denied such requests. While plaintiff claims he was denied medication and that his medical/mental health was "canceled," he does not attribute these actions to any named defendant. Moreover, even if he had, those statements, without more, does not suggest that any defendant acted intentionally with respect to his condition or recklessly failed to act with reasonable care to mitigate the risks that his condition posed. Indeed, plaintiff concedes that "the medical staff" administered an EKG test "multiple times." *See* Sec. Am. Compl. at 8.

Accordingly, plaintiff's deliberate medical indifference claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### F. First Amendment - Free Exercise

The First Amendment to the United States Constitution guarantees the right to free exercise of religion. *See* U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (holding that "[p]risoners have long been understood to retain

some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

To state a claim under the Free Exercise Clause of the First Amendment, an inmate "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (articulating test that inmates "must show at the threshold that the disputed conduct . . . burdens his sincerely held religious beliefs," prior to advancing to the *Turner* test and "legitimate penological interests that justify the impinging conduct"). "For a burden to be substantial, a plaintiff must demonstrate that the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith." *Booker v. Maly*, No. 9:12-CV-246 (NAM/ATB), 2014 WL 1289579, at *22 (N.D.N.Y. Mar. 31, 2014), *aff'd*, 590 Fed. App'x 82 (2d Cir. 2015) (summary order); *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) (rejecting the argument that in deciding what constitutes a substantial burden, courts must "be made to decide the number of violations of a particular religious tenet that make a sin grievous").

In this case, plaintiff fails to identify his religion. Moreover, the Court has no basis to plausibly infer that plaintiff's inability to wear his cross outside of his shirt placed a substantial burden on plaintiff's sincerely held religious beliefs. Accordingly, plaintiff's First Amendment free exercise claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**V.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 15) is accepted for filing; and it is

further

**ORDERED** that the Clerk of the Court shall amend the docket report consistent with this Decision and Order; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment excessive force claim against Palmatier survives review[3]; and it is further

**ORDERED** that the remaining claims are **DISMISSED** without leave to replead pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Gerard, Brown, Bartholomew, Mann, Miller, Mvona, Keller, Madore, and Mitchell are **DISMISSED** as defendants herein; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: February 27, 2024
Albany, NY

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] Palmatier has already submitted an answer to plaintiff's excessive force claims. *See* Dkt. No. 16.