**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BRETT OTERI,

                Plaintiff,

  -against-                                      9:23-cv-0986 (AMN/ML)

LEANDRA PALMATIER, Correctional Officer,

                Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**BRETT OTERI**
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508
Plaintiff, *pro se*

**JOHNSON & LAWS, LLC**                    **GREGG JOHNSON, ESQ.**
646 Plank Road, Suite 205                  **OLIVIA REINHARDT, ESQ.**
Clifton Park, New York 12065
Attorney for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On August 14, 2023, plaintiff *pro se* Brett Oteri ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1.[1] Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 10. On September 13, 2023, pursuant to 28 U.S.C. § 1915, this Court directed Defendant to respond to Plaintiff's excessive force claim and dismissed all other

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

claims. Dkt. No. 10. Plaintiff then filed an amended complaint on October 3, 2023, *see* Dkt. No. 13, and on October 19, 2023, filed a second amended complaint ("Second Amended Complaint"), *see* Dkt. No. 15. Again, pursuant to 28 U.S.C. § 1915, this Court ordered that Plaintiff's excessive force claim survived review and dismissed all other claims. *See* Dtk. No. 20.

Thereafter, Defendant filed a motion to compel on July 26, 2024. *See* Dkt. No. 24. Plaintiff failed to file a response, so the Court granted the unopposed motion to compel and warned Plaintiff that failure to comply with court orders or to engage in the discovery process may result in sanctions being imposed, including dismissal. *See* Dkt. No. 33. On September 20, 2024, Defendant filed a status report stating that defense counsel could not locate Plaintiff and that Plaintiff had not complied with the Court's prior order compelling discovery. *See* Dkt. No. 35. On September 23, 2024, the Court directed Plaintiff to, on or before October 4, 2024, provide the Court and Defendant with an updated address and comply with its prior directives. *See* Dkt. No. 36. Again, the Court also cautioned Plaintiff that failure to comply may result in dismissal. *Id.*

On November 12, 2024, Defendant filed the pending motion to dismiss for lack of prosecution. *See* Dkt. No. 38 (the "Motion to Dismiss"). Plaintiff's response was due on December 3, 2024. *Id.* Plaintiff instead next filed a notice of change of address on December 11, 2024. *See* Dkt. No. 39. On December 20, 2024, the Court, *sua sponte*, granted Plaintiff an extension until January 21, 2025 to file an opposition. *See* Dkt. No. 40.

On December 31, 2024, Defendant filed the pending motion for summary judgment. *See* Dkt. No. 41 (the "Summary Judgment Motion"). The deadline to respond was January 21, 2025. *See* Dkt. No 43.

On January 29, 2025, Plaintiff filed a response which was docketed as an opposition to the motion for summary judgment, but in substance, opposed the motion to dismiss based on a failure

2

to prosecute. *See* Dkt. No. 47. The response made no substantive argument opposing the bases for summary judgment presented in Defendant's papers. *See id.* Defendant filed a reply on January 31, 2025. *See* Dkt. No. 48.

On February 5, 2025, the Court *sua sponte* granted Plaintiff until February 19, 2025 to file any additional response to the pending motions. *See* Dkt. No. 51. No additional response was filed.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on May 29, 2025, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that the Motion to Dismiss be denied, and that the Summary Judgment Motion be granted. *See* Dkt. No. 55. Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 23. Neither party has filed objections.

For the reasons stated herein, the Court adopts the recommendations in the Report-Recommendation.

## II.  STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the

magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

4

### A. Motion to Dismiss for Failure to Prosecute

Magistrate Judge Lovric recommended that the Court deny Defendant's motion to dismiss for failure to prosecute. The Report-Recommendation noted that, when assessing motions to dismiss based on a failure to prosecute, courts evaluate the following factors: "(1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate." Dkt. No. 55 at 13 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Magistrate Judge Lovric found that because "Plaintiff's failure to prosecute delayed this action *for less than* four months," Dkt. No. 55 at 17 (emphasis added), and because the Local Rules state that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution," N.D.N.Y. L.R 41.2(a), the first factor weighs against dismissal. Dkt. No. 55 at 17. The Report-Recommendation also found that, weighing the remainder of the relevant factors, a reprimand rather than a dismissal is appropriate. *Id.* at 18. The Court finds no clear error in this analysis.

### B. Motion for Summary Judgment

Next, the Report-Recommendation recommended that the Court grant Defendant's motion for summary judgment. *Id.* at 18-19.[2] Magistrate Judge Lovric found that, during the alleged use

---

[2] Magistrate Lovric correctly noted that "where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute—even if that non-movant is proceeding *pro se*." *Id.* at 14 (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 2009)). Thus, the Court's sole job is to "assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant." *Id.* at 15 (citing in part *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

of OC spray, "the undisputed evidence reveals that Defendant was attempting to prevent a physical altercation between Plaintiff" and another incarcerated individual, "and to obtain compliance from Plaintiff who was behaving aggressively." *Id.* at 19-20 (citing Dkt. No. 41-2 at ¶¶ 18, 22). Such a use of force, Magistrate Judge Lovric concluded, was constitutionally permissible under the circumstances. *Id.* (citing in part *Beauvoir v. Falco*, 345 F. Supp. 3d 350, 369 (S.D.N.Y. 2018)). In the alternative, Magistrate Judge Lovric recommended that summary judgment be granted on qualified immunity grounds because "[c]ourts in this Circuit have generally granted qualified immunity to officers who used pepper spray against individuals actively resisting or posing a threat to officers." *Id.* at 21 (citing in part *Brown v. City of New York*, 862 F.3d 182, 189-92 (2d Cir. 2017)). In so finding, Magistrate Judge Lovric noted that Plaintiff refused orders to return to his cell seven times and was warned twice that if he did not comply, he would be sprayed. *Id.* (citing Dkt. No. 41-2 at ¶¶ 18-19). Again, after reviewing the record evidence, the Court finds no clear error in this analysis.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the Report-Recommendation, Dkt. No. 55, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendant's motion for summary judgment, Dkt. No. 41, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion to dismiss for failure to prosecute, Dkt. No. 38, is **DENIED**; and the Court further

6

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

DATED:   July 22, 2025
         Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.